UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:15-CV-172-DJH-CHL

*ELECTRONICALLY FILED*

| | |
|---|---|
| MELISSA MARQUEZ-WARNER and<br>REGINA WILEY, Co-Administrators of<br>the Estate of ANTHONY B. WARNER, II, Deceased<br>2803 Fairview Avenue<br>Louisville, KY 40208 | **PLAINTIFFS** |
| and | |
| MELISSA MARQUEZ-WARNER,<br>Individually and as Mother and Next Friend of<br>O.M.W., A Minor<br>2803 Fairview Avenue<br>Louisville, KY 40208 | **PLAINTIFF** |
| and | |
| REGINA WILEY<br>Guardian of X.M.W. and<br>E.M.W. Minors<br>13505 Forest Bend Circle<br>Louisville, KY 40245 | **PLAINTIFF** |
| and | |
| and | |
| MELISSA MARQUEZ-WARNER, Individually<br>2803 Fairview Avenue<br>Louisville, KY 40208 | **INTERVENING PLAINTIFF** |

vs.                    **<u>INTERVENING AND AMENDED COMPLAINT</u>**

| | |
|---|---|
| CAMPUS CREST AT LOUISVILLE, LLC<br>2100 Rexford Road<br>Suite 414<br>Charlotte, NC 28211 | **DEFENDANT** |

SERVE:  CT CORPORATION SYSTEM
     306 West Main Street, Suite 512
     Frankfort, KY 40601

and

CAMPUS CREST CONSTRUCTION, INC.      DEFENDANT
2100 Rexford Road
Suite 414
Charlotte, NC 28211

SERVE:  CT CORPORATION SYSTEM
     306 West Main Street, Suite 512
     Frankfort, KY 40601

and

CAMPUS CREST DEVELOPMENT, INC.      DEFENDANT
2100 Rexford Road
Suite 414
Charlotte, NC 28211

SERVE:  CT CORPORATION SYSTEM
     306 West Main Street, Suite 512
     Frankfort, KY 40601

and

TITAN ELECTRIC OF KENTUCKY, LLC      DEFENDANT
4201 Stuart Andrew Blvd.
Suite 1
Charlotte, North Carolina, 28217

SERVE:  INCORP SERVICES INC.
     828 Lane Allen Road
     Suite 219
     Lexington, KY 40504

and

DAVID MOSQUEDA, Individually and d/b/a    DEFENDANT
DM MASONRY
185 Spring Garden Circle
High Point, NC 27260-5956

SERVE:          KENTUCKY SECRETARY OF STATE
                Summons Branch
                700 Capital Avenue, Ste. 86
                Frankfort, KY 40601

and

HARDHAT WORKFORCE SOLUTIONS, LLC                              DEFENDANT
357 S. Swing Road
Greensboro, NC 27409

SERVE:          INCORP SERVICES INC.
                828 Lane Allen Road
                Suite 219
                Lexington, KY 40504

and

THYSSENKRUPP ELEVATOR CORPORATION                            DEFENDANT
11605 Haynes Bridge Road
Suite 650
Alpharetta, GA 30009

SERVE:          THE PRENTICE-HALL CORPORATION SYSTEM, INC.
                421 West Main Street
                Frankfort, KY 40601

and

BIGFORD ENTERPRISES, INC.                                    DEFENDANT
P.O. Box 729
Locust, NC 28097-7134

SERVE:          KENTUCKY SECRETARY OF STATE
                Summons Branch
                700 Capital Avenue, Ste. 86
                Frankfort, KY 40601

and

JCR COMPANY, INC.                                            DEFENDANT
3587 W. Roberts Road
Trafalgar, IN 46181

SERVE:          INCORP. SERVICES, INC.

828 Lane Allen Road, Ste. 219
Lexington, KY 40504

and

TITAN ELECTRIC COMPANY, INC.                                    DEFENDANT
2198 Wilkinson Blvd.
Charlotte, NC 28208-5642

SERVE:        KENTUCKY SECRETARY OF STATE
              Summons Branch
              700 Capital Avenue, Ste. 86
              Frankfort, KY 40601

** ** **

Come now the Plaintiffs, Melissa Marquez-Warner and Regina Wiley, as Co-Administrators of the Estate of Anthony B. Warner, II, deceased, Melissa Marquez-Warner, Individually and as Mother and Next Friend of O.M.W., a Minor, Regina Wiley, as Guardian of X.M.W. and E.M.W., minors, and for their causes of action against the Defendants, Campus Crest at Louisville, LLC, Campus Crest Construction, Inc., Campus Crest Development, Inc., Titan Electric of Kentucky, LLC, David Mosqueda d/b/a DM Masonry, Hardhat Workforce Solutions, LLC, ThyssenKrupp Elevator Corporation, Bigford Enterprises, Inc., JCR Company, Inc., and Titan Electric Company, Inc., state as follows:

1.      On or about August 11, 2014, Plaintiffs, Melissa Marquez-Warner and Regina Wiley, were appointed Co-Administrators of the Estate of Anthony B. Warner, II, by the Jefferson District Court, Case. No. 14P003543, a copy of said Certificate of Qualification attached hereto as Exhibit "A".

2.      That at all times relevant hereto, it is Plaintiffs' belief that the Defendants, Campus Crest at Louisville, LLC, Campus Crest Construction, Inc., and Campus Crest Development, Inc., (hereinafter referred to as the Campus Crest Defendants) were foreign corporations doing business

in Kentucky and were in the business of, amongst other things, construction of student housing communities.

3.     That at all times relevant hereto, it is Plaintiffs' belief that the Defendant, Titan Electric of Kentucky, LLC., was a foreign  corporation doing business in Kentucky and was in business as an electrical contractor.

4.      That at all times relevant hereto, it is Plaintiffs' belief that the Defendant, David Mosqueda, d/b/a  DM Masonry, was a sole proprietorship located in North Carolina doing business as a masonry contractor in Kentucky.

5.     That at all times relevant hereto, it is Plaintiffs' belief that the Defendant, Hardhat Workforce Solutions, LLC, was a foreign limited liability company doing business in Kentucky in the business of construction staffing.

6.     That at all times relevant herein, it is Plaintiffs' belief that the Defendant, ThyssenKrupp Elevator Corporation, was a foreign corporation doing business in Kentucky in the business of installation and servicing of elevators.

7.     That at all times relevant herein, it is Plaintiffs' belief that the Defendant, Bigford Enterprises, Inc., was a North Carolina corporation doing business in Kentucky in the business of commercial framing.

8.     That at all times relevant herein, it is Plaintiffs' belief that the Defendant, JCR Company, Inc., was a foreign corporation doing business in Kentucky in the business of commercial painting.

9.     That at all times relevant herein, it is Plaintiffs' belief that the Defendant, Titan Electric Company, Inc., was a North Carolina corporation doing business in Kentucky as an electrical contractor.

10.     On or about July 16, 2014, the Plaintiff's decedent, Anthony B. Warner, II, was working at a construction site on the apartments known as "The Grove" located at 2501 South 4th Street, Louisville, Jefferson County, when he fell to his death in an open elevator shaft.

11.     The Defendants, and each of them, their agents, servants and/or employees, negligently failed to provide adequate lighting, and/or a barrier, railing or other safety device around the elevator shaft when Defendants knew or should have known, that persons in the building, including the decedent, would be exposed to an unreasonable risk of harm.

12.     The Defendants, and each of them, their agents, servants and/or employees, negligently and carelessly maintained, repaired, controlled, managed, supervised and/or operated the premises so as to create and/or allow a dangerous and hazardous condition to exist on the premises which was the cause of Anthony B. Warner's injuries and death.

13.     The Defendants, and each of them, their agents, servants and/or employees, negligently and carelessly failed to train and/or supervise the Plaintiffs' decedent while he was working on the jobsite.

14.     The Defendants, and each of them, their agents, servants and/or employees, negligently and carelessly failed to inquire and/or investigate workplace conditions and known hazards prior to Plaintiffs' decedent's death.

15.     The Defendants, and each of them, their agents, servants and/or employees were negligent per se by their violation of several Occupational Safety Health Administration and Kentucky Occupational Safety and Health Statute standards.

16.     That the injuries suffered by Plaintiffs' decedent, Anthony B. Warner, resulting in his death, were caused and brought about by the negligence of the Defendants, and each of them, through their agents, servants and/or employees acting within the course and scope of their

employment with the Defendants.

17.     The condition of the premises and activities being carried out on the premises were dangerous and unsafe for users of the premises.  The danger which directly and proximately caused Plaintiff's aforementioned injuries were known or should have been known to the Defendants, but the hazard was not repaired and Plaintiffs' decedent was given no warning of the presence of a hazard or its dangers.

18.     The negligence of the Defendants, as set out above caused and brought about the injuries and death of Plaintiffs' decedent, Anthony B. Warner, as complained of herein.

19.     That as a proximate result of the negligence and carelessness of each of the aforementioned Defendants, their agents and/or employees, Plaintiffs' decedent, Anthony B. Warner, II, was caused to suffer severe pain and suffering, was caused to suffer severe emotional distress and mental anguish, was caused to suffer severe injury which caused his death on July 16, 2014,   was caused to incur burial and funeral expenses, was caused to lose time from his gainful employment and his power to labor and earn money has been permanently impaired, all to his estate's damage in a sum in excess of that necessary to establish jurisdiction of the Court.

20.     That at the time of the accident which is the subject matter of this claim, Intervening Plaintiff, Melissa Marquez-Warner, was the lawful spouse of Anthony B. Warner, II.  Due to his death, Plaintiff, Melissa Marquez-Warner, has been caused to lose and deprived of her spouse's love, support, companionship, affection, services and society and she therefore asserts her loss of consortium claim in this matter.

21.     At all times mentioned herein, Plaintiff Melissa Marquez-Warner, is the natural mother of O.M.W., who is the natural daughter of Anthony B. Warner, II, and who was seven (7) months old at the time of her father's death on July 16, 2014, and is a citizen and resident of

Louisville, Jefferson County, Kentucky.

22.     O.M.W. is an infant under the age of 18 years and is the natural daughter of Plaintiffs'
decedent, Anthony B. Warner, II.

23.     Plaintiff, Melissa Marquez-Warner, sues as next friend of O.M.W. pursuant to the
provisions of Kentucky Revised Statutes 387.300 and Kentucky Rules of Civil Procedure 17.03, and
is qualified to bring this action as next friend of said infant.

24.     O.M.W. has no guardian, curator or committee residing in this state or elsewhere and
her next friend, Melissa Marquez-Warner, is under no disability and is a citizen of Louisville,
Jefferson County, Kentucky.

25.     At all times mentioned herein, Plaintiff Regina Wiley, is the Court appointed guardian
of X.M.W. and E.M.W., Minors, who are the natural son and daughter respectively of Plaintiffs'
decedent, Anthony B. Warner, II.  X.M.W. was three (3) years old and E.M.W. was five (5) years
old at the time of their  father's death on July 16, 2014, and are citizens and residents of Louisville,
Jefferson County, Kentucky.  (See Exhibit "B" attached hereto).

26.     X.M.W. is an infant under the age of 18 years and is the natural son  of Plaintiffs'
decedent, Anthony B. Warner, II.

27.     E.M.W. is an infant under the age of 18 years and is the natural daughter of Plaintiffs'
decedent, Anthony B. Warner, II.

28.     Plaintiff, Regina Wiley,  sues as Guardian of X.M.W.  and E.M.W., Minors, pursuant
to Kentucky Rules of Civil Procedure 17.03, and is qualified to bring this action as guardian of said
infants.

29.     As a direct and proximate result of the negligence and carelessness of Defendants,
and each of them, jointly and severally, O.M.W., minor,  was caused to suffer the loss of love and

affection and loss of consortium of her father, Antony B. Warner, II, from the date of his death until her 18th birthday, all to her damage in a sum in excess of that necessary to establish jurisdiction of this court.

30.     As a direct and proximate result of the negligence and carelessness of Defendants, and each of them, jointly and severally, X.M.W., minor, was caused to suffer the loss of love and affection and loss of consortium by his father, Antony B. Warner, II, from the date of his death until his 18th birthday, all to his damage in a sum in excess of that necessary to establish jurisdiction of this court.

31.     As a direct and proximate result of the negligence and carelessness of Defendants, and each of them, jointly and severally, E.M.W., minor,  was caused to suffer the loss of love and affection and loss of consortium of her father, Antony B. Warner, II, from the date of his death until her 18th birthday, all to her damage in a sum in excess of that necessary to establish jurisdiction of this court.

32.     Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, Melissa Marquez-Warner and Regina Wiley, as Co-Administrators of the Estate of Anthony B. Warner, II, deceased , pray for judgment against Defendants, Campus Crest at Louisville, LLC, Campus Crest Construction, Inc., Campus Crest Development, Inc., Titan Electric of Kentucky, LLC, David Mosqueda d/b/a DM Masonry, Hardhat Workforce Solutions, LLC, ThyssenKrupp Elevator Corporation, Bigford Enterprises, Inc., JCR Company, Inc. and Titan Electric Company, Inc., and each of them, jointly and severally, for special and compensatory damages in a sum in excess of that necessary to establish jurisdiction of this Court, for trial by jury, for costs herein expended, and for any and all other just and proper relief to which they may appear entitled.

WHEREFORE, Intervening Plaintiff, Melissa Marquez-Warner, prays for a judgment against the Defendants, Campus Crest at Louisville, LLC, Campus Crest Construction, Inc., Campus Crest Development, Inc., Titan Electric of Kentucky, LLC, David Mosqueda d/b/a DM Masonry, Hardhat Workforce Solutions, LLC, ThyssenKrupp Elevator Corporation, Bigford Enterprises, Inc., JCR Company, Inc. and Titan Electric Company, Inc., and each of them, jointly and severally, for her loss of consortium as a result of the death of her husband, Anthony B. Warner, II, for trial by jury, for costs herein expended, and for any and all other just and proper relief to which she may appear entitled.

WHEREFORE, Plaintiff, Melissa Marquez-Warner, as Mother and Next Friend of O.M.W., a minor, prays for Judgment against Defendants, Campus Crest at Louisville, LLC, Campus Crest Construction, Inc., Campus Crest Development, Inc., Titan Electric of Kentucky, LLC, David Mosqueda d/b/a DM Masonry, Hardhat Workforce Solutions, LLC, ThyssenKrupp Elevator Corporation, Bigford Enterprises, Inc., JCR Company, Inc. and Titan Electric Company, Inc., and each of them, jointly and severally, for the minor's loss of love and affection and loss of consortium as a result of the death of her father, Anthony B. Warner, II, for trial by jury, for costs herein expended, and for any and all other just and proper relief to which she may appear entitled.

WHEREFORE, Plaintiff, Regina Wiley, as guardian of X.M.W. and E.M.W., minors, prays for Judgment against Defendants, Campus Crest at Louisville, LLC, Campus Crest Construction, Inc., Campus Crest Development, Inc., Titan Electric of Kentucky, LLC, David Mosqueda d/b/a DM Masonry, Hardhat Workforce Solutions, LLC, ThyssenKrupp Elevator Corporation, Bigford Enterprises, Inc., JCR Company, Inc. and Titan Electric Company, Inc., and each of them, jointly and severally, for the minors' loss of love and affection and loss of consortium as a result of the death of their father Anthony B. Warner, II, for trial by jury, for costs herein expended, and for any

and all other just and proper relief to which they may appear entitled.

Respectfully submitted,


/s/ Cara W. Stigger

KAUFMAN & STIGGER, PLLC
BY:     Cara W. Stigger
        Kerstin A. Schuhmann
7513 New LaGrange Road
Louisville, KY 40222
(502) 458-5555 telephone
(502) 458-9101 facsimile
*Counsel for Plaintiffs*
*cstigger@ksh-law.com*
*kschuhmann@ksh-law.com*