UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MELISSA MARQUEZ-WARNER, et al.,                                          Plaintiffs,

v.                                                     Civil Action No. 3:15-cv-172-DJH-CHL

CAMPUS CREST AT LOUISVILLE, LLC,
et al.,                                                       Defendants.

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

Anthony Warner died in a tragic accident while working at a construction site. His estate, widow, and child's guardian seek damages for wrongful death and loss of consortium from several defendants, including HardHat Workforce Solutions, LLC, which Plaintiffs allege was Warner's employer. (Docket No. 1-1, 23) HardHat has moved for summary judgment, claiming that it was not Warner's employer and even if it were, Kentucky's workers' compensation law bars Plaintiffs' claims. (D.N. 67) The Court agrees. If HardHat was not Warner's employer, then Plaintiffs have failed to show that it owed Warner a duty of care. And if it was, then Plaintiffs' claims are barred by the exclusive-remedy provision of the Kentucky Workers' Compensation Act. In either case, summary judgment is appropriate.

**I.      BACKGROUND**

HardHat is a construction-staffing company. It provides processing and human resource services to its clients, including the recruitment of temporary workers for client firms. (D.N. 64-1, PageID # 662-64) When a client firm recruits its own workers, each worker fills out a HardHat application and is vetted by HardHat, which reserves the right to reject the applicant.[1]

---

[1] For instance, HardHat will reject an applicant who fails a background check or a drug test. (*See* D.N. 63-6, PageID # 643; D.N. 64-3, PageID # 675)

1

(D.N. 63-3, PageID # 634; D.N. 63-6, PageID # 642-43; D.N. 64-1, PageID # 664-65, 667; D.N. 64-2, PageID # 672)

One of HardHat's clients was Defendant Titan Electric of Kentucky, LLC, an electrical contractor. (D.N. 63-3, PageID # 628-29; D.N. 64-1, PageID # 660-64) Anthony Warner interviewed with Titan on July 14, 2014. (D.N. 64-3, PageID # 677-78; D.N. 64-4, PageID # 688) Before Titan forwarded Warner's application to HardHat for approval, Warner began working at the Grove Apartments construction site in Louisville, Kentucky. (D.N. 64-4, PageID # 691) On his second day of work, July 16, 2014, Warner fell down an elevator shaft and died. (*Id.*, PageID # 690-91) After Warner's death, Titan e-mailed his completed application to HardHat. (D.N. 63-5, PageID # 639-40)

On October 10, 2014, Warner's estate filed a workers' compensation claim against HardHat with the Commonwealth of Kentucky Department of Workers' Claims. (D.N. 74-1) Then on January 21, 2015, Warner's widow, Melissa Marquez-Warner; his child's guardian, Regina Wiley; and his estate filed a lawsuit against HardHat and others in Jefferson Circuit Court, seeking damages for wrongful death and loss of consortium. (D.N. 1-1) That suit was removed to this Court. (*Id.*)

HardHat has now moved for summary judgment. (D.N. 63) It asserts that it had no duty to Warner because it never accepted him as an employee, and that if Warner was its employee, the exclusive-remedy provision of the Kentucky Workers' Compensation Act bars Plaintiffs' claims. (D.N. 63-1; D.N. 67) The Court concludes that summary judgment is warranted under either scenario.

## II. STANDARD

To grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying the basis for its motion and the parts of the record that demonstrate an absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The non-moving party must then establish a genuine issue of material fact with respect to each element of each claim. *Id*. at 322-23. The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; instead, the non-moving party must present evidence upon which the jury could reasonably find for her. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Ultimately, the Court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251-52).

## III. DISCUSSION

Plaintiffs' negligence and loss-of-consortium claims against HardHat are premised upon the assumption that Warner was an employee of HardHat. (*See* D.N. 64, PageID # 647-56) A negligence claim "requires proof that . . . the defendant owed the plaintiff a duty of care." *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003) (citing *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992)). Plaintiffs offer no evidence, or even argument, that HardHat owed Warner a duty outside of the employment context. Thus, if HardHat was not Warner's employer, Plaintiffs' negligence claims fail, as do the derivative loss-of-consortium claims. *See McDaniel v. BSN Med., Inc.*, No. 4:07-CV-36, 2010 WL 4779767, at *4 (W.D. Ky.

Nov. 16, 2010) ("A loss of consortium claim 'is derivative in nature, arising out of and dependent upon the right of the injured spouse to recover.'" (quoting *Floyd v. Gray*, 657 S.W.2d 936, 941 (Ky. 1983) (Leibson, J., dissenting))).

If, on the other hand, Warner was HardHat's employee, summary judgment is appropriate because Plaintiffs' claims are barred by the exclusive-remedy provision of the Kentucky Workers' Compensation Act.[2] That provision states:

> If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. The exemption from liability given an employer by this section shall also extend to such employer's carrier and to all employees, officers or directors of such employer or carrier . . . .

Ky. Rev. Stat. Ann. § 342.690(1) (West 2016). In Kentucky, "the exclusive-remedy provision grants immunity for liability arising from common law and statutory claims," *State Farm Mut. Auto. Ins. Co. v. Slusher*, 325 S.W.3d 318, 323 (Ky. 2010) (quoting *Ky. Emp'rs Mut. Ins. v. Coleman*, 236 S.W.3d 9, 13 (Ky. 2007)). The provision's effect is to "shield a covered employer and its insurer from any other liability to a covered employee for damages arising out of a work-related injury." *Id.* (quoting *Coleman*, 236 S.W.3d at 13). This immunity is pivotal in maintaining the tradeoff—guaranteed compensation for the injured and immunity in court for the employer—inherent in Kentucky's workers' compensation law. *See Black v. Dixie Consumer Prods.*, No. 15-5889, 2016 U.S. App. LEXIS 15927, at *7 (6th Cir. 2016).

---

[2] Because the answer would not affect the outcome of the present motion, the Court need not determine whether Warner was or was not HardHat's employee. The question was raised before the Kentucky Department of Workers' Claims, which concluded that Warner was an employee of Titan at the time of his death. (*See* D.N. 67-1, PageID # 1037) That decision was "believed to be still on appeal" as of the date of HardHat's reply. (D.N. 67, PageID # 755 n.1)

4

The parties agree that HardHat carried workers' compensation insurance. (*See* D.N. 64, PageID # 655) Thus, the exclusive-remedy provision applies, and HardHat has "immunity for liability arising from common law and statutory claims." *Slusher*, 325 S.W.3d at 323; *see also Hardin v. Action Graphics, Inc.*, 57 S.W.3d 844 (Ky. Ct. App. 2001) (holding that a loss-of-consortium claim is covered by the exclusive-remedy provision of Kentucky's Workers' Compensation Act). Plaintiffs' claims against HardHat belong before the Kentucky Department of Workers' Claims, where Warner's estate has already sought relief. (*See* D.N. 74-1)

## IV. CONCLUSION

The exclusive-remedy provision of Kentucky's Workers' Compensation Act provides employers with immunity from claims like the ones asserted against HardHat in this case, and Plaintiffs have identified no duty HardHat owed to Warner if it was not his employer. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that HardHat's Motion for Summary Judgment (D.N. 63) is **GRANTED**. Plaintiffs' claims against HardHat are **DISMISSED** with prejudice. The Clerk of the Court is **DIRECTED** to terminate HardHat Workforce Solutions, LLC as a defendant in this matter.

September 26, 2016

David J. Hale, Judge
United States District Court